# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **SEAN GORECKI**, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-03036** |
| | ) | |
| **MCDONALD'S CORPORATION**, | ) | **Honorable Manish S. Shah** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT MCDONALD'S CORPORATION'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant McDonald's USA, LLC ("McDonald's"), erroneously named in the Complaint

as McDonald's Corporation, by and through its undersigned counsel, answers Plaintiff Sean

Gorecki's Complaint as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a blind and visually-impaired person who requires screen-reading software to read website content using his computer and on his iPhone.

**ANSWER:** McDonald's denies the allegations in paragraph 1 of the Complaint for lack of

sufficient information and belief.

2.     Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

**ANSWER:** McDonald's denies the allegations in paragraph 2 of the Complaint, except admits

that Plaintiff purports to state Plaintiff's definitions for "blind" or "visually-impaired."

3.     Plaintiff brings this civil rights action against Defendant to design, construct, maintain, and operate its website, McDonalds.com (the "website" or "Defendant's website") to

be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.

**ANSWER:** McDonald's denies the allegations in paragraph 3 of the Complaint, except admits that Plaintiff purports to bring this action against McDonald's Corporation.

4.     Plaintiff further brings this civil rights action against Defendant for its failure to design, construct, maintain, and operate its mobile application (the "Mobile App" or "Defendant's App") to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.

**ANSWER:** McDonald's denies the allegations in paragraph 4 of the Complaint, except admits that Plaintiff purports to bring this action against McDonald's Corporation.

5.     Defendant's denial of full and equal access to its website and Mobile App, and therefore denial of its products and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

**ANSWER:** McDonald's denies the allegations in paragraph 5 of the Complaint.

6.     Because Defendant's website, McDonalds.com and its Mobile App are not fully and equally accessible to blind and visually-impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's full and [sic] website and Mobile App will become and remain accessible to blind and visually-impaired consumers, including Plaintiff.

**ANSWER:** McDonald's denies the allegations in paragraph 6 of the Complaint, except admits that Plaintiff purports to request injunctive relief in this action.

## JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.* and 28 U.S.C. § 1332.

**ANSWER:** McDonald's admits the allegations in paragraph 7 of the Complaint that this Court has subject-matter jurisdiction.

8.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** McDonald's admits the allegations in paragraph 8 of the Complaint that this Court has the discretion to exercise supplemental jurisdiction over Plaintiff's UCRA claims.

9.     This Court has personal jurisdiction over Defendant because it is deemed a resident of the State of Illinois and it conducts and continues to conduct a substantial and significant amount of business in the State of Illinois.

**ANSWER:** McDonald's admits the allegations in paragraph 9 of the Complaint that this Court has personal jurisdiction over McDonald's.

10.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(1) because McDonald's resides in this District and this Court has personal jurisdiction over Defendant.

**ANSWER:** McDonald's admits the allegations in paragraph 10 of the Complaint but reserves the right to change venue in the event another forum is more convenient.

## PARTIES

11.     Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles. Plaintiff is also blind, visually-impaired, handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq.*

**ANSWER:** McDonald's denies the allegations in paragraph 11 of the Complaint for lack of sufficient information and belief.

12.     Plaintiff is informed and believes, and thereon alleges Defendant MCDONALD'S CORPORATION is one of the world's largest restaurant chains, and its headquarters are located in Oak Brook, Illinois.

**ANSWER:** McDonald's admits the allegations in paragraph 12 of the Complaint that McDonald's Corporation is one of the world's largest restaurant chains, and that McDonald's Corporation is headquartered in Oak Brook, Illinois.

13.     Defendant's website and Mobile App offer an array of goods and services including restaurant locators, menu item descriptions, nutritional information, special offers and coupons, and many other benefits related to these goods and services.

**ANSWER:** McDonald's denies the allegations in paragraph 13 of the Complaint, except admits that its website and Mobile App offer restaurant locators, menu item descriptions, and nutritional information.

14.     Defendant's website and Mobile App are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) because McDonald's website and Mobile App are, or are part of, a "sales or rental establishment," and a "service establishment."

**ANSWER:** McDonald's denies the allegations in paragraph 14 of the Complaint, and further denies the allegations in paragraph 14 to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that Title III of the ADA, 42 U.S.C. § 12181(7), speaks for itself and, on that basis, denies any allegations in paragraph 14 to the extent they are inconsistent with the statute.

15.     Defendant has been and is committing the acts or omissions alleged herein in Los Angeles County of the State of California which caused injury, and violated rights prescribed by the ADA and UCRA, to Plaintiff and to other blind and other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in California. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website and Mobile App in Los Angeles County.

**ANSWER:** McDonald's denies the allegations in the first and second sentence of paragraph 15 of the Complaint, and further denies the allegations in the first and second sentence of paragraph 15 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's denies the remainder of the allegations in paragraph 15 of the Complaint for lack of sufficient information and belief.

16.     The access barriers Plaintiff encountered on Defendant's website and Mobile App have caused a denial of Plaintiff's independent, full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website and Mobile App.

**ANSWER:** McDonald's denies the allegations in paragraph 16 of the Complaint.

## THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

17.     The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike. As an essential tool for many Americans, when accessible, the Internet provides individuals with disabilities great independence.

**ANSWER:** McDonald's denies the allegations in paragraph 17 of the Complaint for lack of

sufficient information and belief, except admits that Plaintiff purports to describe the Internet.

18.     Blind persons are able to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer or smart-phone screen. This technology is known as screen-reading software and is also commonly referred to as a screen reader.

**ANSWER:** McDonald's denies the allegations in paragraph 18 of the Complaint for lack of

sufficient information and belief, except admits that Plaintiff purports to describe screen reading

software.

19.     Except for legally blind individuals whose residual vision allows them to use magnification, screen-reading software is currently the only method a blind person can fully and independently access the internet.

**ANSWER:** McDonald's denies the allegations in paragraph 19 of the Complaint for lack of

sufficient information and belief.

20.     Unless websites and mobile apps are designed to allow screen-reading software users to navigate Internet content by way of the keyboard or through moving their fingers over the smartphone screen, blind and visually-impaired persons are unable to fully, equally and independently access websites, mobile apps and the information, products, and services contained therein.

**ANSWER:** McDonald's denies the allegations in paragraph 20 of the Complaint to the extent

they assert conclusions of law to which McDonald's is not required to respond, and further

denies the allegations in paragraph 20 of the Complaint for lack of sufficient information and

belief.

21.     Blind and visually-impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Some

of these programs are available for purchase and other programs are available without the user having to purchase the program separately.

**ANSWER:** McDonald's denies the allegations in paragraph 21 of the Complaint for lack of sufficient information and belief.

22. Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

**ANSWER:** McDonald's denies the allegations in paragraph 22 of the Complaint for lack of sufficient information and belief.

23. For blind and visually-impaired users of Apple operating system-enabled computers and devices, the screen-reading software available and built into all Apple products is VoiceOver. Apple's devices, including the iPhone, have the VoiceOver program integrated into their iOS operating system for use by blind and visually-impaired users, including Plaintiff.

**ANSWER:** McDonald's denies the allegations in paragraph 23 of the Complaint for lack of sufficient information and belief.

24. For screen-reading software to function, the information on a website must be capable of being rendered into meaningful text so it may be read back to the user and then the user can navigate a website and various web pages within a website using their keyboard.

**ANSWER:** McDonald's denies the allegations in paragraph 24 of the Complaint for lack of sufficient information and belief.

25. Similarly, for screen-reading software to function on a smartphone, the information contained on a mobile application must be capable of being rendered into meaningful text so it may be read back to the user as they are moving their fingers over their smartphone's screen in order to navigate an app.

**ANSWER:** McDonald's denies the allegations in paragraph 25 of the Complaint for lack of sufficient information and belief.

26. If the website or mobile app content is not capable of being rendered into meaningful text, the blind or visually-impaired user is not able to access and navigate the same content on a website or mobile app that is available to sighted users.

**ANSWER:** McDonald's denies the allegations in paragraph 26 of the Complaint.

27. The ADA specifically provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a). The ADA further requires that a public accommodation provide accessible electronic and information technology as auxiliary aids and services. See 28 C.F.R. §36.303(a), (b) and (c)(ii).

**ANSWER:** McDonald's denies the allegations in paragraph 27 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 27 to the extent they are inconsistent with the statute.

28. Commercial websites and mobile apps that are not accessible for blind and visually-impaired individuals using screen-readers and keyboards only, violate this basic mandate of the ADA. *See National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946 (N.D. Cal. 2006).

**ANSWER:** McDonald's denies the allegations in paragraph 28 of the Complaint, and further denies the allegations in paragraph 28 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA and the cited caselaw speak for themselves and, on that basis, denies any allegations in paragraph 28 to the extent they are inconsistent with the statute and/or caselaw.

29. The Department of Justice (the "DOJ") has consistently stated its view that the ADA's accessibility requirements apply to websites belonging to private companies. *See, e.g.*, Applicability of the Americans with Disabilities Act (ADA) to Private Internet Sites: Hearing before the House Subcommittee on the Constitution of *the House Committee on the Judiciary*, 106th Cong., 2d Sess. 65-010 (2000) ("It is the opinion of the Department of Justice currently that the accessibility requirements of the Americans with Disabilities Act already apply to private Internet Web sites and services."); 75 Fed. Reg. 43460-01 (July 6, 2010) ("The Department believes that title III reaches the Web sites of entities that provide goods or services that fall within the 12 categories of 'public accommodations,' as defined by the statute and regulations."). Thus, Defendant is on notice that the ADA's general mandate applies to its website accessibility. *See Fortyune v. City of Lomita*, 766 F.3d 1098, 1102 (9th Cir. 2014); *Reich v. Mont. Sulphur & Chem. Co.*, 32 F.3d 440, 444–45 (9th Cir. 1994).

**ANSWER:** McDonald's denies the allegations in paragraph 29 of the Complaint, and further denies the allegations in paragraph 29 of the Complaint to the extent they assert conclusions of

law to which McDonald's is not required to respond. McDonald's affirmatively states that each document and case cited speaks for itself and, on that basis, denies any allegations in paragraph 29 to the extent they are inconsistent with the documents and caselaw.

## DEFENDANT'S FAILURE TO MAKE ITS WEBSITE AND MOBILE APP ACCESSIBLE AND PLAINTIFF'S ATTEMPTS TO ACCESS

30.    Defendant offers the commercial website, McDonalds.com and its McDonald's Mobile App to the public.

**ANSWER:** McDonald's admits the allegations in paragraph 30 of the Complaint.

31.    The website and Mobile App offer features which should allow all consumers to access the goods and services which Defendant offers and should allow consumers to locate physical locations where Defendant's products may be purchased by consumers using coupons found on the mobile application and website.

**ANSWER:** McDonald's denies the allegations in paragraph 31 of the Complaint.

32.    The goods and services offered by Defendant's website and Mobile App include, but are not limited to the following, which should allow all consumers to: find Defendant's restaurants, access menu item descriptions and nutritional information, acquire special offers and coupons, and many other benefits related to these goods and services.

**ANSWER:** McDonald's denies the allegations in paragraph 32 of the Complaint.

33.    Based on information and belief, it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's website and Mobile App, and to therefore specifically deny the goods and services that are offered therein and available at its restaurants.

**ANSWER:** McDonald's denies the allegations in paragraph 33 of the Complaint.

34.    Due to Defendant's failure and refusal to remove access barriers to its website and Mobile App, Plaintiff and visually-impaired persons have been and are still being denied equal access to the numerous goods, services, and benefits offered to the public through McDonalds.com and its Mobile App.

**ANSWER:** McDonald's denies the allegations in paragraph 34 of the Complaint.

35.    Plaintiff cannot use a computer without the assistance of screen-reading software.

**ANSWER:** McDonald's denies the allegations in paragraph 35 of the Complaint for lack of sufficient information and belief.

36.     However, Plaintiff is a proficient user of the JAWS screen-reader and uses it to access the internet.

**ANSWER:** McDonald's denies the allegations in paragraph 36 of the Complaint for lack of sufficient information and belief.

37.     Plaintiff has visited McDonalds.com on several separate occasions using the JAWS screen-reader.

**ANSWER:** McDonald's denies the allegations in paragraph 37 of the Complaint for lack of sufficient information and belief.

38.     Plaintiff regularly and proficiently uses an iPhone and its built-in screen reader, VoiceOver, to access online content found on websites and mobile applications.

**ANSWER:** McDonald's denies the allegations in paragraph 38 of the Complaint for lack of sufficient information and belief.

39.     Plaintiff attempted to use Defendant's Mobile App on his iPhone on several separate occasions using the VoiceOver screen reader.

**ANSWER:** McDonald's denies the allegations in paragraph 39 of the Complaint for lack of sufficient information and belief.

40.     During several separate visits to Defendant's website and mobile app, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's websites.

**ANSWER:** McDonald's denies the allegations in paragraph 40 of the Complaint, and further denies the allegations in paragraph 40 of the Complaint that Plaintiff visited McDonald's website and mobile app several times for lack of sufficient information and belief.

41.     Due to the widespread access barriers Plaintiff encountered on Defendant's website and Mobile App, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website and Mobile App and has prevented him from full and equal access of Defendant's goods and services.

**ANSWER:** McDonald's denies the allegations in paragraph 41 of the Complaint, and further

denies the allegations in paragraph 41 of the Complaint that Plaintiff has been deterred from

visiting McDonald's website and Mobile App for lack of sufficient information and belief.

42. Similarly, the access barriers Plaintiff encountered on Defendant's website and Mobile App have deterred Plaintiff from visiting or locating brick and mortar restaurants to purchase McDonald's products and utilize coupons found on McDonald's website and Mobile App.

**ANSWER:** McDonald's denies the allegations in paragraph 42 of the Complaint, and further

denies the allegations in paragraph 42 of the Complaint that Plaintiff has been deterred from

visiting McDonald's restaurants for lack of sufficient information and belief.

43. While attempting to navigate McDonalds.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired people that include, but are not limited to:

> a. The home page has graphics, links, and buttons that are not labeled or are incorrectly labeled, or lack alternative text ("Alt-text"). Alttext is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that screen-reading software can speak the alt-text where a sighted user sees pictures. Alt-text does not change the visual presentation, but instead a text box shows when the cursor moves over the picture using the "up," "down" arrow keys or using the "tab" key on the keyboard. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics, which prevents full and equal navigation to a screen-reader user.

> b. The home page has an inaccessible slide-show. A screen-reader user cannot determine what is actually on the slide show. It lists three slides as "Slide 1", "Slide 2", and "Slide 3."

> c. The Nutrition Calculator does not add items to the meal when a screen-reader user selects "add", but when a screen-reader user checks it says there are no items added. In addition, the values for the Nutrition Calculator are not clear. The table also does not break up number values making them difficult or impossible to accurately count. For example, the values "200", "70", and "8" in that order will be read as "two hundred seventy eight", which sounds like one number instead of three separate numbers.

> d. There are several links throughout the website that say "void (0)."

> e. The menus and sub menus have redundant coding that causes screen-readers to repeatedly state "menu sub-menu" over and over.

f. Finding a location is not fully accessible due to the structure of the headings, the constant pop-up to urge the screen-reader user to enter e-mail and zip code to sign up for the mailing list, and finding the appropriate edit field is difficult. Once entered, the screen-reader user then needs to go back to the top and in order to what a sighted user would do using the scroll function on a mouse, the blind user must use the TAB key to do the same function and must do so, in order to find the first option, which is not listed as clickable.

g. The website is structured in a confusing manner for screen-readers and there are cursor traps that obstruct site navigation.

**ANSWER:** McDonald's denies the allegations in paragraph 43 of the Complaint and all subparagraphs for lack of sufficient information and belief.

44.     In 2016 and again in 2017, Plaintiff attempted to do business with Defendant by using McDonalds.com and Plaintiff encountered barriers to access the website.

**ANSWER:** McDonald's denies the allegations in paragraph 44 of the Complaint for lack of sufficient information and belief.

45.     Similarly, in 2017, Plaintiff attempted to access Defendant's Mobile App, sought additional information about Defendant's goods and services offered, and attempted to do business with Defendant using McDonald's iOS Mobile App. Plaintiff was unable to access information contained on the Mobile App or browse the Mobile App due to accessibility barriers that made the Mobile App inaccessible. The accessibility barriers included, but were not limited to, being unable to navigate the Mobile App at all after entering a zip code to complete registration.

**ANSWER:** McDonald's admits that Plaintiff downloaded and registered to use the McDonald's Mobile App.  McDonald's otherwise denies the allegations in paragraph 45 of the Complaint for lack of sufficient information and belief.

46.     Despite past and recent attempts to do business with Defendant by visiting its website and Mobile App, the numerous access barriers contained on the website and Mobile App encountered by Plaintiff, have denied Plaintiff full and equal access.

**ANSWER:** McDonald's denies the allegations in paragraph 46 of the Complaint.

47.     Plaintiff, as a result of the barriers on Defendant's website and Mobile App, continues to be deterred on a regular basis from accessing Defendant's website and Mobile App.

**ANSWER:** McDonald's denies the allegations in paragraph 47 of the Complaint, and further denies the allegations in paragraph 47 of the Complaint that Plaintiff has been deterred from visiting McDonald's website and Mobile App for lack of sufficient information and belief.

48.     Due to the inaccessibility of McDonalds.com and the Mobile App, blind and visually-impaired consumers, such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities, goods, and services Defendant offers to the public on its website and Mobile App.

**ANSWER:** McDonald's denies the allegations in paragraph 48 of the Complaint.

49.     The access barriers Plaintiff encountered on Defendant's website and Mobile App have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website and Mobile App.

**ANSWER:** McDonald's denies the allegations in paragraph 49 of the Complaint, and further denies the allegations in paragraph 49 of the Complaint that Plaintiff has been deterred from accessing McDonald's website and Mobile App for lack of sufficient information and belief.

50.     In addition, the access barriers Plaintiff encountered on Defendant's website and Mobile App have deterred Plaintiff from visiting physical restaurants that offer McDonald's meals.

**ANSWER:** McDonald's denies the allegations in paragraph 50 of the Complaint, and further denies the allegations in paragraph 50 of the Complaint that Plaintiff has been deterred from visiting McDonald's restaurants for lack of sufficient information and belief.

51.     If McDonalds.com and the Mobile App were equally accessible to all, Plaintiff could independently navigate Defendant's website and Mobile App and complete a desired transaction as sighted individuals do.

**ANSWER:** McDonald's denies the allegations in paragraph 51 of the Complaint.

52.     Having made many attempts to use Defendant's website and mobile app, Plaintiff has actual knowledge of the access barriers that make these privileges, goods and services inaccessible and independently unusable by blind and visually-impaired people.

**ANSWER:** McDonald's denies the allegations in paragraph 52 of the Complaint, and further denies the allegations in paragraph 52 of the Complaint that Plaintiff made many attempts to use

McDonald's website and mobile app and has actual knowledge of the access barriers that make these privileges, goods and services inaccessible and independently unusable for lack of sufficient information and belief.

53.     Because maintaining and providing a website and mobile app that are fully and equally accessible to all consumers would provide Plaintiff and other visually-impaired consumers with full and equal access to McDonalds.com and the Mobile App, Plaintiff alleges that McDonald's has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

> a. Construction and maintenance of a website and Mobile App that are inaccessible to visually-impaired individuals, including Plaintiff;
>
> b. Failure to construct and maintain a website and Mobile App that are sufficiently intuitive so as to be equally accessible to visually impaired individuals, including Plaintiff; and,
>
> c. Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

**ANSWER:** McDonald's denies the allegations in paragraph 53 of the Complaint.

54.     Defendant therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

**ANSWER:** McDonald's denies the allegations in paragraph 54 of the Complaint.

55.     The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> "In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . ." (42 U.S.C. § 12188(a)(2).)

**ANSWER:** McDonald's denies the allegations in paragraph 55 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 55 to the extent they are inconsistent with the statute.

56. Because Defendant's website and Mobile App are not equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its website and Mobile App to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to comply with the ADA and make the website and Mobile App accessible. To do so, Defendant must utilize input from the Agreed Upon Consultant in order for Defendant to provide a website and Mobile App which will modify the website and Mobile App's functionality so as to provide effective communication about the goods, services and/or privileges offered by the website and Mobile App to screen-reader users, instead of only providing such functionality to sighted persons.

**ANSWER:** McDonald's admits that Plaintiff seeks injunctive relief in this action, but otherwise denies the allegations in paragraph 56 of the Complaint, and further denies the allegations in paragraph 56 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 56 to the extent they are inconsistent with the statute.

57. Plaintiff seeks that this permanent injunction require Defendant to cooperate with the Agreed Upon Consultant to:

a. Train Defendant's employees and agents who develop the McDonalds.com website and McDonald's Mobile App on accessibility and compliance with the ADA using criteria which will provide effective communication to persons who blind and use screen-readers;

b. Regularly check the accessibility of Defendant's website and Mobile App to maintain accessibility as required by the ADA using criteria which will provide effective communication to persons who blind and use screen-readers;

c. Regularly test end-user accessibility of the websites by screen-reader users to ensure that Defendant's website and Mobile App are accessible to blind and visually-impaired individuals who would access them with screen-reading technology and prove effective communication; and,

d. Develop an accessibility policy that is clearly disclosed on its website and Mobile App, with contact information for users to report accessibility-related problems and be provided with meaningful resolution after Defendant has investigated and identified the accessibility-related problem.

**ANSWER:** McDonald's admits that Plaintiff seeks injunctive relief in this action, but otherwise denies the allegations in paragraph 57 of the Complaint.

58.     If McDonalds.com and Defendant's Mobile App were accessible to screen-reader users, Plaintiff and similarly situated blind and visually-impaired people could independently find Defendant's restaurants, access menu item descriptions and nutritional information, acquire special offers and coupons, and otherwise research Defendant's products available online and at restaurant locations.

**ANSWER:** McDonald's denies the allegations in paragraph 58 of the Complaint.

59.     Although Defendant may currently have centralized policies regarding the maintenance and operation of its website and Mobile App, Defendant lacks a plan and policy reasonably calculated to make its website and Mobile App fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

**ANSWER:** McDonald's denies the allegations in paragraph 59 of the Complaint.

60.     Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Defendant's websites in violation of their rights.

**ANSWER:** McDonald's denies the allegations in paragraph 60 of the Complaint.

## COUNT I

## [VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT]

61.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

**ANSWER:** McDonald's incorporates by reference its answers to paragraphs 1 through 60 above.

62.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." (42 U.S.C. § 12182(a).)

**ANSWER:** McDonald's denies the allegations in paragraph 62 of the Complaint, and further denies the allegations in paragraph 62 of the Complaint to the extent they assert conclusions of

law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 62 to the extent they are inconsistent with the statute.

63.     The ADA requires that the place of public accommodation not discriminate in any way in which it interacts with the public, whether by selling products at a physical location or over a virtual location on the Internet.

**ANSWER:** McDonald's denies the allegations in paragraph 63 of the Complaint, and further denies the allegations in paragraph 63 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself; makes no mention of "the Internet;" and on these bases, denies any allegations in paragraph 63 to the extent they are inconsistent with the statute.

64.     McDonald's website, McDonalds.com is therefore a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181.

**ANSWER:** McDonald's denies the allegations in paragraph 64 of the Complaint, and further denies the allegations in paragraph 64 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.

65.     McDonalds.com is a service, privilege, or advantage of McDonald's restaurants.

**ANSWER:** McDonald's denies the allegations in paragraph 65 of the Complaint, and further denies the allegations in paragraph 65 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.

66.     McDonalds.com is a service that is integrated with McDonald's restaurants.

**ANSWER:** McDonald's denies the allegations in paragraph 66 of the Complaint, and further denies the allegations in paragraph 66 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.

67.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods,

services, facilities, privileges, advantages, or accommodations of an entity. (42 U.S.C. § 12182(b)(1)(A)(i).)

**ANSWER:** McDonald's denies the allegations in paragraph 67 of the Complaint, and further denies the allegations in paragraph 67 of the Complaint to the extent they amount to assertions and conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 67 to the extent they are inconsistent with the statute.

68. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. § 12182(b)(1)(A)(ii).)

**ANSWER:** McDonald's denies the allegations in paragraph 68 of the Complaint, and further denies the allegations in paragraph 68 of the Complaint to the extent they amount to assertions and conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 68 to the extent they are inconsistent with the statute.

69. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." (42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

**ANSWER:** McDonald's denies the allegations in paragraph 69 of the Complaint, and further denies the allegations in paragraph 69 of the Complaint to the extent they amount to assertions and conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 69 to the extent they are inconsistent with the statute.

70. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.

**ANSWER:** McDonald's denies the allegations in paragraph 70 of the Complaint.

71. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).

**ANSWER:** McDonald's denies the allegations in paragraph 71 of the Complaint for lack of sufficient information and belief, and further denies the allegations in paragraph 71 of the Complaint to the extent they amount to assertions and conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 71 to the extent they are inconsistent with the statute. McDonald's denies each and every remaining allegation in paragraph 71 of the Complaint.

72. Furthermore, Plaintiff has been denied full and equal access to McDonalds.com, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.

**ANSWER:** McDonald's denies the allegations in paragraph 72 of the Complaint.

73. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

**ANSWER:** McDonald's denies the allegations in paragraph 73 of the Complaint.

74. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

**ANSWER:** McDonald's admits that Plaintiff seeks the relief listed below, but otherwise denies the allegations in paragraph 74 of the Complaint, and further denies that Plaintiff has suffered injury or damage in any way or amount, or at all.

WHEREFORE, Plaintiff prays pray for judgment in his favor and against Defendant as follows:

1. A Declaratory Judgment that, at the commencement of this action, Defendant was in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 et seq., and the relevant implementing regulations of the ADA, for Defendant's failure to take action that was reasonably calculated to ensure that its websites are fully and equally accessible to, and independently usable by, blind and visually-impaired individuals;

2. A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 et seq., with respect to its websites, McDonalds.com;

3. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make McDonalds.com readily accessible to and usable by blind and visually-impaired individuals;

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1);

5. For compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries suffered by the Plaintiff as a result of Defendant's discrimination;

6. For prejudgment interest to the extent permitted by law;

7. For costs of suit; and

8. For such other and further relief as this Court deems just and proper.

**ANSWER:** McDonald's denies that Plaintiff is entitled to any substantive or procedural remedy or relief, including the relief requested in paragraphs 1 through 8 for the above prayer for relief. McDonald's further denies that Plaintiff has suffered or incurred any injury or damage, in any

way or amount, or at all, and also denies that Plaintiff is entitled to any award of costs or attorneys' fees or other relief in this matter as a result of McDonald's conduct.

## COUNT II

## [VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT]

75.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

**ANSWER:**  McDonald's incorporates by reference its answers to paragraphs 1 through 74 above.

76.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." (42 U.S.C. § 12182(a).)

**ANSWER:**  McDonald's denies the allegations in paragraph 76 of the Complaint, and further denies the allegations in paragraph 76 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 76 to the extent they are inconsistent with the statute.

77.     The ADA requires that the place of public accommodation not discriminate in any way in which it interacts with the public, whether by selling products at a physical location or over a virtual location on the Internet. (*See Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001)).

**ANSWER:**  McDonald's denies the allegations in paragraph 77 of the Complaint, and further denies the allegations in paragraph 77 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that the

ADA and the cited caselaw each speaks for itself and, on that basis, denies any allegations in paragraph 77 to the extent they are inconsistent with the statute or caselaw.

78.     McDonald's iOS Mobile App is therefore a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181.

**ANSWER:** McDonald's denies the allegations in paragraph 78 of the Complaint, and further denies the allegations in paragraph 78 to the extent they assert conclusions of law to which McDonald's is not required to respond.

79.     McDonald's Mobile App is a service, privilege, or advantage of McDonald's restaurants.

**ANSWER:** McDonald's denies the allegations in paragraph 79 of the Complaint, and further denies the allegations in paragraph 79 to the extent they assert conclusions of law to which McDonald's is not required to respond.

80.     McDonald's Mobile App is a service that is integrated with McDonald's restaurants.

**ANSWER:** McDonald's denies the allegations in paragraph 80 of the Complaint, and further denies the allegations in paragraph 80 to the extent they assert conclusions of law to which McDonald's is not required to respond.

81.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. (42 U.S.C. § 12182(b)(1)(A)(i).)

**ANSWER:** McDonald's denies the allegations in paragraph 81 of the Complaint, and further denies the allegations in paragraph 81 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 81 to the extent they are inconsistent with the statute.

82.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. § 12182(b)(1)(A)(ii).)

**ANSWER:** McDonald's denies the allegations in paragraph 82 of the Complaint, and further denies the allegations in paragraph 82 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 82 to the extent they are inconsistent with the statute.

83.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." (42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

**ANSWER:** McDonald's denies the allegations in paragraph 83 of the Complaint, and further denies the allegations in paragraph 83 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 83 to the extent they are inconsistent with the statute.

84.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.

**ANSWER:** McDonald's denies the allegations in paragraph 84 of the Complaint.

85. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).

**ANSWER:** McDonald's denies the allegations in paragraph 85 of the Complaint for lack of sufficient information and belief, and further denies the allegations in paragraph 85 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the ADA speaks for itself and, on that basis, denies any allegations in paragraph 85 to the extent they are inconsistent with the statute.

86. Furthermore, Plaintiff has been denied full and equal access to McDonald's mobile app, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.

**ANSWER:** McDonald's denies the allegations in paragraph 86 of the Complaint.

87. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

**ANSWER:** McDonald's denies the allegations in paragraph 87 of the Complaint.

88. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

**ANSWER:** McDonald's admits that Plaintiff seeks the relief listed below, but otherwise denies the allegations in paragraph 88 of the Complaint, and further denies that Plaintiff has suffered injury or damage in any way or amount, or at all.

WHEREFORE, Plaintiff prays pray for judgment in his favor and against Defendant as follows:

1. A Declaratory Judgment that, at the commencement of this action, Defendant was in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.* and the relevant implementing regulations of the ADA, for Defendant's failure to take action that was reasonably calculated to ensure that its Mobile App is fully accessible to, and independently usable by, blind and visually-impaired individuals;

2. A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, with respect to its Mobile App;

3. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make its Mobile App readily accessible to and usable by blind and visually-impaired individuals;

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1);

5. For compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries suffered by the Plaintiff as a result of Defendant's discrimination;

6. For prejudgment interest to the extent permitted by law;

7. For costs of suit; and

8. For such other and further relief as this Court deems just and proper.

**ANSWER:** McDonald's denies that Plaintiff is entitled to any substantive or procedural remedy or relief, including the relief requested in paragraphs 1 through 8 for the above prayer for relief. McDonald's further denies that Plaintiff has suffered or incurred any injury or damage, in any way or amount, or at all, and also denies that Plaintiff is entitled to any award of costs or attorneys' fees or other relief in this matter as a result of McDonald's conduct.

**COUNT III**

**[VIOLATIONS OF THE UNRUH CIVIL**

**RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ.]**

89.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this third cause of action as though fully set forth herein.

**ANSWER:** McDonald's incorporates by reference its answers to paragraphs 1 through 88 above.

90.    California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

**ANSWER:** McDonald's denies the allegations in paragraph 90 of the Complaint, and further denies the allegations in paragraph 90 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the UCRA speaks for itself and, on that basis, denies any allegations in paragraph 90 to the extent they are inconsistent with the statute.

91.    Defendant's website is a "business establishments" within the meaning of the Civil Code § 51 *et seq.* Defendant generates millions of dollars in revenue from the sale of goods through its McDonalds.com website. Defendant's website, McDonalds.com, is a service provided by Defendant that is inaccessible to patrons who are blind or visually-impaired like Plaintiff. This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Defendant is violating the UCRA, Civil Code § 51 *et seq.*, by denying visually impaired customers the goods and services provided on its website, McDonalds.com. These violations are ongoing.

**ANSWER:** McDonald's denies the allegations in paragraph 91 of the Complaint, and further denies the allegations in paragraph 91 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the UCRA speaks for itself and, on that basis, denies any allegations in paragraph 91 to the extent they are inconsistent with the statute.

92.    Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendant has constructed a website that is inaccessible to Plaintiff, Defendant maintains the website in an inaccessible format, and Defendant has failed to take actions to correct these barriers.

**ANSWER:** McDonald's denies the allegations in paragraph 92 of the Complaint, and further denies the allegations in paragraph 92 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the UCRA speaks for itself and, on that basis, denies any allegations in paragraph 92 to the extent they are inconsistent with the statute.

93.    Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set

forth above. Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

**ANSWER:** McDonald's denies the allegations in paragraph 93 of the Complaint, and further

denies the allegations in paragraph 93 of the Complaint to the extent they assert conclusions of

law to which McDonald's is not required to respond. McDonald's affirmatively states that the

UCRA speaks for itself and, on that basis, denies any allegations in paragraph 93 to the extent

they are inconsistent with the statute

94. The actions of Defendant violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination.

**ANSWER:** McDonald's denies the allegations in paragraph 94 of the Complaint.

95. Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

**ANSWER:** McDonald's denies the allegations in paragraph 95 of the Complaint.

96. Plaintiff is also entitled to reasonable attorneys' fees and costs.

**ANSWER:** McDonald's denies the allegations in paragraph 96 of the Complaint.

WHEREFORE, Plaintiff prays pray for judgment in his favor and against Defendant as

follows:

1. A preliminary and permanent injunction enjoining Defendant from violating the UCRA, Civil Code § 51 et seq., with respect to its website;

2. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make its website readily accessible to and usable by blind and visually-impaired individuals;

3. An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to California Civil Code § 52(a);

5. For prejudgment interest to the extent permitted by law;

6. For costs of suit; and

7. For such other and further relief as this Court deems just and proper.

**ANSWER:** McDonald's denies that Plaintiff is entitled to any substantive or procedural remedy or relief, including the relief requested in paragraphs 1 through 7 for the above prayer for relief. McDonald's further denies that Plaintiff has suffered or incurred any injury or damage, in any way or amount, or at all, and also denies that Plaintiff is entitled to any award of costs or attorneys' fees or other relief in this matter as a result of McDonald's conduct.

## COUNT IV

## [VIOLATIONS OF THE UNRUH CIVIL

## RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ.*]

97.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this third cause of action as though fully set forth herein.

**ANSWER:** McDonald's incorporates by reference its answers to paragraphs 1 through 96 above.

98.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

**ANSWER:** McDonald's denies the allegations in paragraph 98 of the Complaint, and further denies the allegations in paragraph 98 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond.  McDonald's affirmatively states that the UCRA speaks for itself and, on that basis, denies any allegations in paragraph 98 to the extent they are inconsistent with the statute.

99.     Defendant's Mobile App is a "business establishment" within the meaning of the Civil Code § 51 *et seq.* Defendant generates millions of dollars in revenue from the availability of the Mobile App, which is a service or privilege of Defendant that is inaccessible to patrons who are blind or visually-impaired, like Plaintiff. This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes

available to the non-disabled public. Defendant is violating the UCRA, Civil Code § 51 et seq., by denying visually-impaired customers the goods and services provided on its Mobile App. These violations are ongoing.

**ANSWER:** McDonald's denies the allegations in paragraph 99 of the Complaint, and further denies the allegations in paragraph 99 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the UCRA speaks for itself and, on that basis, denies any allegations in paragraph 99 to the extent they are inconsistent with the statute.

100. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendant has constructed a Mobile App that is inaccessible to Plaintiff, Defendant maintains the Mobile App in an inaccessible format, and Defendant has failed to take actions to correct these barriers.

**ANSWER:** McDonald's denies the allegations in paragraph 100 of the Complaint, and further denies the allegations in paragraph 100 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the UCRA speaks for itself and, on that basis, denies any allegations in paragraph 100 to the extent they are inconsistent with the statute.

101. Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above. Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

**ANSWER:** McDonald's denies the allegations in paragraph 101 of the Complaint, and further denies the allegations in paragraph 101 of the Complaint to the extent they assert conclusions of law to which McDonald's is not required to respond. McDonald's affirmatively states that the UCRA speaks for itself and, on that basis, denies any allegations in paragraph 101 to the extent they are inconsistent with the statute.

102. The actions of Defendant violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination.

**ANSWER:** McDonald's denies the allegations in paragraph 102 of the Complaint.

103.    Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

**ANSWER:** McDonald's denies the allegations in paragraph 103 of the Complaint.

104.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

**ANSWER:** McDonald's denies the allegations in paragraph 104 of the Complaint.

WHEREFORE, Plaintiff prays pray for judgment in his favor and against Defendant as follows:

1. A preliminary and permanent injunction enjoining Defendant from violating the UCRA, Civil Code § 51 et seq, with respect to its Mobile App;

2. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make its Mobile App readily accessible to and usable by blind and visually-impaired individuals;

3. An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to California Civil Code § 52(a);

5. For compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries suffered by the Plaintiff as a result of Defendant's discrimination;

6. For prejudgment interest to the extent permitted by law;

7. For costs of suit; and

8. For such other and further relief as this Court deems just and proper.

**ANSWER:** McDonald's denies that Plaintiff is entitled to any substantive or procedural remedy or relief, including the relief requested in paragraphs 1 through 8 for the above prayer for relief. McDonald's further denies that Plaintiff has suffered or incurred any injury or damage, in any way or amount, or at all, and also denies that Plaintiff is entitled to any award of costs or attorneys' fees or other relief in this matter as a result of McDonald's conduct.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

**ANSWER:** McDonald's admits that Plaintiff has demanded a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, McDonald's does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does McDonald's admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled. As for its affirmative defenses, McDonald's reasserts and reincorporates as if fully set forth herein its responses above to Paragraphs 1 through 104 of the Complaint, and to the unnumbered Paragraphs contained therein. This statement of affirmative defenses is based on McDonald's investigation to date, and McDonald's reserves the right to supplement or amend these affirmative defenses during the course of litigation. To the extent that any of the affirmative defenses asserted herein or asserted in any supplement or amendment is mutually exclusive with any other asserted affirmative defense, such affirmative defense is asserted in the alternative.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim against McDonald's upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

The Complaint fails to state a claim upon which injunctive relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim for Declaratory Relief)

The Complaint fails to state a claim upon which declaratory relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

(Causation)

The Complaint is barred to the extent that the conduct of McDonald's was not and is not the cause in fact or the proximate cause of any injury, loss, or damage alleged by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

(Mitigation)

Plaintiff had a duty to mitigate his damages and, to the extent he failed to do so, any damages awarded to Plaintiff should be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

(Standing)

Plaintiff lacks constitutional and prudential standing to assert the Complaint, and each purported claim for relief alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

(Arbitration)

The Complaint is barred to the extent that Plaintiff agreed to arbitrate all claims against McDonald's.

## EIGHTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's Complaint, and each purported claim for relief alleged therein, violates due process to the extent that Plaintiff seeks relief exceeding the scope of Title III of the Americans with Disabilities Act and the Unruh Civil Rights Act.

## NINTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of primary jurisdiction, because the standards governing the accessibility of websites and mobile applications is within the special competence of the Department of Justice, which has not issued applicable standards.

## TENTH AFFIRMATIVE DEFENSE

### (Accessible Goods And Services)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff seeks to require McDonald's to create accessible goods or services in contravention of existing law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Undue Burden)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the undue burden doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fundamental Alterations)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the fundamental alterations doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Readily Achievable)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent they seek modifications to that which are not readily achievable.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not Authorized By Unruh Act)

Plaintiff is barred from obtaining relief under California Civil Code Sections 51, *et seq.* because nothing therein may be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, to any existing establishment, facility, building, improvement, or any other structure.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Discrimination)

The claim for relief alleged in Plaintiff's Complaint under California Civil Code Sections 51, *et seq.* is barred because McDonald's conduct is applicable alike to all persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Not Member Of Protected Class)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff is not a member of the class of individuals that the Americans with Disabilities Act or California's Unruh Act is designed to protect.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Legal Remedy)

Plaintiff is not entitled to any injunctive or equitable relief because he has adequate legal remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiff is not entitled to any injunctive or equitable relief because he has not and will not suffer irreparable harm or injury.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Improper Party)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff asserts claims against individuals or entities that do not own, operate or lease places of public accommodation.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Request Assistance)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff failed to request assistance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff asserts claims outside the applicable statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred as moot.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of unclean hands.

**WHEREFORE,** Defendant McDonald's USA, LLC prays as follows:

1. Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. McDonald's be awarded costs of suit herein incurred; and

3. McDonald's be granted such other and further relief as the Court may deem just and proper.

Dated: June 26, 2017.                    Respectfully submitted,


/s/ Robert A. Naeve
Robert A. Naeve (admitted pro hac vice)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:      +1.949.851.3939
Facsimile:      +1.949.553.7539
E-mail:         rnaeve@jonesday.com

Elizabeth B. McRee
Brandon L. Dixon
JONES DAY
77 West Wacker
Chicago, IL 60601
Telephone:      +1.312.782.3939
Facsimile:      +1.312.782.8585
E-mail:         emcree@jonesday.com
E-mail:         bdixon@jonesday.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record via email.

s/ Robert A. Naeve
*Attorneys for Defendant*
